IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

FILED
FEB 15 2006
EDWARD J. KLECKER, CLERK
U.S. DISTRICT COURT - NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 4:05-cr-103-01 |
| Plaintiff, ) | |
| ) | **PLEA AGREEMENT** |
| -vs- ) | |
| ) | |
| RISING SUN IRWIN, ) | |
| ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Drew H. Wrigley, United States Attorney for the District of North Dakota, and Rick L. Volk, Assistant United States Attorney, defendant, Rising Sun Irwin, and defendant's attorney, William D. Schmidt, agree to the following:

1. Defendant acknowledges the Indictment charges violations of Title 18, United States Code, Sections 2242(2)(B), 2244(a)(2), 2252A(a)(5)(A), 2252A(b)(2), and 1153.

2. Defendant has read the charges and defendant's attorney has fully explained the charges to defendant.

3. Defendant fully understands the nature and elements of the charged crimes.

4. Defendant will voluntarily plead guilty to Count Five of the Indictment.

5. The parties agree this Plea Agreement shall be filed as part of the Court record, and be governed by Federal Rule of Criminal Procedure 11(c)(1)(A) and

11(c)(1)(B). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the non-binding recommendations specified in this Plea Agreement, then defendant acknowledges that this agreement will have been fulfilled. Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give defendant a right to withdraw defendant's guilty plea.

6. Defendant will plead guilty because defendant is in fact guilty of the charge. In pleading guilty to this Count, defendant acknowledges that:

> In or about August 2005, in the District of North Dakota, in Indian country, and within the exclusive jurisdiction of the United States, Rising Sun Irwin, an Indian, did knowingly possess a film, videotape, computer disk, or other material that contains an image of child pornography as that term is defined in Title 18, United States Code, Section 2256(8);

> Specifically, Rising Sun Irwin videotaped sexual acts and sexual contact being performed upon a 16-year-old female Indian who was, at that time, physically incapable of declining participation in, or communicating an unwillingness to engage in, those sexual acts and contact because she was intoxicated. Those sexual acts included the penetration of the 16-year-old female's vagina with (a) a metal pipe, (b) a beer bottle and (c) hands and fingers, and the burning of the 16-year-old's vaginal area with a cigarette.

2

7. Defendant understands Count carries the following maximum penalties:

Count: Five

Imprisonment: 10 years
Fine: $250,000
Supervised Release: 3 years
Special Assessment: $100

Defendant agrees to pay the Clerk of United States District Court the $100 special assessment on or before the day of sentencing.

8. Defendant understands that by pleading guilty defendant surrenders rights, including:

(a) The right to a speedy public jury trial and related rights as follow:

(i) A jury would be composed of 12 lay persons selected at random. Defendant and defendant's attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict. The jury would be instructed that defendant is presumed innocent and that it could not return a guilty verdict unless it found defendant guilty beyond a reasonable doubt.

3

  (ii) If a trial were held without a jury, then the Judge would find the facts and determine whether defendant was guilty beyond a reasonable doubt.

  (iii) At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against defendant. Defendant's attorney can confront and cross-examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for defendant refuse to appear voluntarily, defendant can require their attendance through the subpoena power of the Court.

  (iv) At trial, defendant has a privilege against self-incrimination; thus, defendant could decline to testify. No inference of guilt can be drawn from defendant's refusal to testify. Defendant can choose to testify, but cannot be required to testify

 (b) Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask defendant questions about defendant's criminal conduct to ensure that there is a factual basis for defendant's plea.

9. Defendant understands that by pleading guilty defendant gives up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained these rights, and consequences of defendant's waiver.

10. The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States Sentencing Commission, Guidelines Manual, (Nov. 2004) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing. The parties expressly reserve the right to appeal from an unreasonable sentence.

11. Defendant agrees to fully cooperate with the United States, its agencies, and other law enforcement agencies in any investigation related to or resulting from these charges. Defendant's cooperation includes truthful testimony, if called , before any Federal grand jury, the United States District Court, or in any other proceeding.

12. This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

13.     Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom defendant is licensed, or with whom defendant does business, of defendant's conviction.

14.     The parties agree that the base offense level under the Sentencing Guidelines for defendant's conduct is 32. (USSG § 2G2.1(a) - pursuant to cross reference contained in 2G2.2(c)(1))

15.     The parties agree that the following upward adjustments may be applicable in this case:  +2. (USSG § 2G2.1(b)(2)(A) - offense involves commission of sexual act or sexual contact)

+4 (USSG § 2G2.1(b)(4) - material portrays sadistic or masochistic conduct or other depictions of violence)

16.     The parties agree that the following downward adjustments are applicable in this case:  none agreed to except acceptance reduction noted below.

17.     At sentencing, the United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided defendant has demonstrated a genuine acceptance of responsibility. (USSG 3E1.1(a)) The United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b))

18.     Neither the Court nor the Probation Office are parties to the Plea Agreement. Neither the Court nor the Probation Office are bound by the Plea Agreement as to determining the guidelines range. The Court may impose a reasonable sentence anywhere within the statutory range. The Court may depart from the applicable guidelines range if the Court, on the record, states factors not contemplated by the Sentencing Guidelines Commission to justify the departure. Both parties reserve the right to object to any departure. See USSG § 1B1.1, comment. (n.1) (defines "departure"). There may be other adjustments the parties have not agreed upon.

19.     At sentencing, the United States will

    (a)     recommend a sentence at the top end of the guideline range, or 120 months, whichever is lower;

    (b)     recommend that defendant be ordered to pay restitution for the full amount of the victim's losses in accordance with 18 U.S.C. § 2248 and 3663A;

    (c)     recommend that defendant be ordered to serve a 3 year period of supervised release; and

    (d)     move to dismiss the remaining counts of the Indictment.

20.     The Defendant is free to recommend any sentence he believes is appropriate and may request any departure from the Guideline range he believes is appropriate.

21.     Defendant acknowledges and understands that if defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear

for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void, at the discretion of the United States, and defendant will face the following consequences: (1) all testimony and other information defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal grand jury, may be used against defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting defendant for perjury, false statement, or false declaration if defendant commits such acts in connection with this agreement or otherwise.

22.     Defendant acknowledges the provisions of Title 18, United States Code, Sections 2259 and 3663A, which require the Court to order restitution. Defendant agrees to pay restitution as may be ordered by the Court. Defendant acknowledges and agrees that the Court will order defendant to make restitution for all loss caused by defendant's conduct, regardless of whether counts of the Indictment will be dismissed as part of this Plea Agreement. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

23.     Defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce defendant to plead guilty.

24.     Defendant waives his rights to appeal his conviction and the entry of judgment against him including an appeal of any motions, defenses, probable cause determinations, and objection which he has asserted in this case. The defendant also waives any right to appeal his sentence under 18 U.S.C. § 3742(a) as recognized and permitted by *United States v. Andis*, 333 F.3d 886 (8th Cir. 2003). Expressly excluded from this waiver of appeal is the defendant's right to appeal any sentence imposed which is greater than the upper limit of the regularly determined advisory guideline range before the application of any offense level enhancements or upward departure under the guidelines, excepting those upward adjustments which are or may be applicable within this plea agreement.

The defendant agrees to waive any right to contest her conviction and sentence in any post-conviction proceeding pursuant to 28 U.S.C. § 2255 with the exception of any claim of ineffective assistance of counsel and any claim pursuant to 28 U.S.C. § 2255, ¶6(3), premised on a right newly recognized by the United States Supreme Court.

25.     The Assistant United States Attorney and attorney for defendant agree to abide by the provisions of Rule 32.1CR of the Local Rules for the United States District Court for the District of North Dakota. Pursuant to Rule 32.1CR(B)(3), the attorneys

acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

25.    Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and defendant's attorney have discussed the case and reviewed the Plea Agreement. They have discussed defendant's constitutional and other rights, including, but not limited to, defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

DREW H. WRIGLEY
United States Attorney

Dated: Feb. 3, 2006    By: *Rick L. Volk*
Rick L. Volk
Assistant United States Attorney

Dated: Feb. 9th, 2006    *Rising Sun Irwin*
Rising Sun Irwin
Defendant

Dated: 2/14/06    *William D. Schmidt*
William D. Schmidt
Attorney for Defendant

10

## CERTIFICATE OF SERVICE BY MAIL

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 4:05-cr-103-01 |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| RISING SUN IRWIN, | ) |
| | ) |
| Defendant. | ) |

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the District of North Dakota and is a person of such age and discretion as to be competent to serve papers.

That on February 15, 2006, she served a copy of the attached PLEA AGREEMENT by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States mail at Bismarck, North Dakota.

Addressee:

Mr. William D. Schmidt
Assistant Federal Defender
Federal Square
324 North 3rd Street, Suite 1
Bismarck, ND 58501

_____
RENITA A. NAGEL
Legal Assistant